**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-211L

(Filed: August 3, 2016)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ABIODUN MOHN,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

AUG - 3 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Abiodun Mohn is a United States citizen and resident of Florida. Plaintiff alleges that his ancestors, Jesse, Betsy, and James Reese were erroneously enrolled as Cherokee Freedmen rather than as full-blood Native Cherokees per the 1880 Authenticated Cherokee Census. Compl. 6. Plaintiff also alleges that multiple allotments of land belonging to James and Jesse Reese were transferred from a restricted to an unrestricted status without the approval of the Secretary of the Interior in violation of 25 U.S.C. § 81.[2] Id. at 2. Plaintiff claims that he continues to be misled as to his ancestors' heritage, resulting in continued denial of a Certificate of Indian Blood Degree ("CBID") and access to an Individual Indian Money account on behalf of himself and his two minor daughters. Id. at 1, 5.

---

[1] This background is derived from Plaintiff's complaint and the attached exhibits. The facts and allegations contained in Plaintiff's complaint are similar to those in the matter dismissed by this Court for lack of subject-matter jurisdiction on June 22, 2016. Mohn v. United States, Nos. 15-321L and 15-409L (Fed. Cl. June 22, 2016). See Compl. 21-25, 28-31.

[2] Plaintiff cites the previous version of this statute in his complaint. Compare 25 U.S.C. § 81 (1994) with 25 U.S.C. § 81 (2000).

USPS TRACKING #   9114 9014 9645 0594 5521 53
& CUSTOMER RECEIPT
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

N/A

Plaintiff filed the instant action on February 10, 2016, and filed an amended complaint on March 24, 2016. Plaintiff identifies the following statutes as the bases for jurisdiction: the Tucker Act and the Indian Tucker Act, 28 U.S.C. §§ 1491 and 1505; 25 U.S.C. §§ 81, 175, 177, 178, 180, 185, 201, 202, and 2401; the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A); and the False Claims Act, 31 U.S.C. § 3730.³ Plaintiff requests that the oil and gas leases, "powerline contracts, royalty contracts, mortgages, conveyances, etc." affecting his ancestors' appropriated land be deemed void, and that he recover "all monies given in consideration thereof" pursuant to 25 U.S.C. § 81. Id. at 4. However, this statute no longer provides for any remedy, let alone the remedy that Plaintiff seeks - - a declaration that the contracts affecting his ancestors' appropriated land are null and void and recovery of all money paid, with one half going to Plaintiff and one half going to the United States Treasury. Plaintiff seeks $600,000 in compensatory damages for the cost of legal fees and litigation support costs. Id. at 9.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages from a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-

---

³ Plaintiff lists each of these statutes as "money-mandating statutes conferring jurisdiction," however he appears to mainly rely on the False Claims Act and 25 U.S.C. §§ 81, 201, and 2401. See Compl. 1. Plaintiff also states he brings claims for violations of 15 U.S.C. §§ 2.4-2.18, however no such provisions exist.

17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages.") (internal quotations omitted).

**The Court Lacks Jurisdiction Over Plaintiff's Claims**

Plaintiff names the following Defendants: the Department of the Interior, Dawes Commission Chairman Tams Bixby, Dawes Commissioners C. Breckinridge and Thomas B. Needles, Allotment Clerk Homer Needles, and Regional Director of the Eastern Oklahoma Region of the Bureau of Indian Affairs Eddie Streater. Am. Compl. 1. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009) (citing 28 U.S.C. § 1491(a)(1)).

The False Claims Act, 31 U.S.C. §§ 3729 et. seq., imposes civil penalties and treble damages on those who have knowingly submitted false or fraudulent claims to the Government, and allows private individuals, known as relators, to bring qui tam actions on behalf of the Government when the relator possesses information that a false or fraudulent claim has been submitted. 31 U.S.C. § 3730(b) (2012); Capelouto v. United States, 99 Fed. Cl. 682, 690 (2011). However, jurisdiction over qui tam actions, including awards to relators, lies exclusively in the district courts. See 31 U.S.C. § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant . . . [is] found, resides, [or] transacts business . . . ."); see also LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (finding that qui tam suits "may only be heard in the district courts"); Meschkow v. United States, 109 Fed. Cl. 637, 645 (2013); Schweitzer v. United States, 82 Fed. Cl. 592, 595-96 (2008).

**Conclusion**

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action for lack of jurisdiction.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
Judge